[No. 22612. Department Two. March 4, 1931.]

BEHRENS REALTY COMPANY, INCORPORATED, *Respondent,*
v. ALINE HAMM, *Appellant.*[1]

*Shorett, Shorett & Taylor,* for appellant.
*Frank E. Boyle (O. E. Sauter,* of counsel), for respondent.

MILLARD, J.—This action was brought by the plaintiff real estate broker to recover, under its contract with the defendant, a commission for obtaining a purchaser for certain real estate owned by the defendant. The trial of the cause to the court resulted in findings and judgment in favor of the plaintiff. The defendant appealed.

The written commission agreement of April 24, 1928, under which the appellant was obligated to pay a commission to the respondent, if it obtained a purchaser for certain realty owned by her in Seattle, reads as follows:

"Seattle, Washington, April 24, 1928.
"To Behrens Realty Co.,
"In consideration of the sum of one dollar to me paid by you, and in consideration of the benefit I ex-

[1]Reported in 296 Pac. 551.

pect to derive by the sale of the property below described, I agree to convey to person as you may name, free from incumbrances, by General Warranty Deed, the following described real property, situated in King County, State of Washington to-wit: Tracts 61, 62, 63 and 64 of Moore's Five-Acre Tracts with the appurtenances; upon the payment to me by you, or by the person so named by you, of the sum of Fifteen Hundred Dollars ($1,500) per acre, on terms of not less than one-third cash. I agree to pay you a commission of ten per cent on the price at which said lands are sold, out of the first payment.

"This contract to remain in force for the period of sixty days from this date, and thereafter terminated by written notice of ten days by me given to you. I agree to furnish a complete abstract of title, or title insurance. (Signed) ALINE HAMM."

The foregoing commission agreement provides that the price of the property is fifteen hundred dollars an acre, that one-third of the consideration shall be in cash at time of sale, and that the commission payable is ten per cent of the price of the lands that are sold. No provision is in the agreement as to the terms of payment of the remaining two-thirds of the price at which the lands were sold. On April 28, 1928, four days subsequent to the making of the commission agreement, the respondent obtained an offer from Hugo Jassny and M. Ifland to purchase the appellant's realty at thirteen hundred and fifty dollars an acre. The prospective purchasers paid a deposit of five hundred dollars to the respondent, who, on that date, executed an earnest money receipt for the deposit. The receipt reads as follows:

"Received from Hugo Jassny and M. Ifland—Five Hundred Dollars ($500) on account of purchase of tracts 62, 63, 64 and that part of Tract 61 south of the north line of Tract 64 extended, 12.50 acres more or less.

"Purchase price Thirteen Hundred and Fifty Dollars ($1350) per acre, all taxes to be paid to date; Waterway Assessments from 6 to 10 to be assumed by purchasers; all buildings, fences, etc., to remain on the land.

"Terms: Six Thousand Dollars ($6,000) cash; balance, Two Thousand Dollars ($2,000) per annum, interest 6% payable annually.

"Title Insurance; Insurance premiums to be adjusted to date of sale.

"If offer is not approved by Mrs. Hamm, the Five Hundred Dollar check to be returned. This offer is to be accepted or rejected at noon April 30, 1928.

"Behrens Realty Co., Inc.,

"By Adolph Behrens, President."

The president of respondent telephoned the offer to the appellant, who informed that gentleman she "would consider this offer but that she would be down in the morning." The offer of the prospective purchaser was one hundred and fifty dollars less an acre than provided by the commission agreement. The appellant, under the terms of the earnest money receipt and offer of the prospective purchasers, was allowed until noon April 30, 1928, to accept the offer. The offer was rejected by the appellant, who, after negotiations between herself and the respondent's president, countered with the following offer of May 1, 1928:

"Seattle, Washington, May 1st, 1928.

"Received from Hugo Jassny and M. Ifland, the sum of $500.00 to apply on contract for the purchase of the following described real estate, situate in King County, State of Washington, to-wit: Tracts 62, 63, 64 and that part of Tract 61 lying south of the north line of Tract 64 extended all in Moore's Five-Acre Tracts, in all 12.50 acres, more or less.

"The full purchase price of said property is to be $16,875; payable as follows: $6,875 cash in hand, (including the amount of this receipt) and balance of $10,000 in five equal annual payments of $2000.00 each, with interest on deferred payments at six per cent

per annum, payable annually until paid, the same to be secured by lien on said property. The purchaser shall be furnished a complete abstract or title insurance at seller's option, showing good and sufficient title to said property and allowed five days for examination thereof; whereupon they agree to complete the purchase in the manner and upon the terms herein; and in case of his failure so to do, the said sum of $500 hereby receipted for shall, at the option of the undersigned, be forfeited as liquidated damages.

"It is further agreed that in the event of failure to convey good and sufficient title within a reasonable time, the said sum of money shall be refunded.

"Duwamish Waterway Assessments Nos. 6 to 10 both inclusive shall be paid by the purchasers when due.

"Fire insurance premium to be adjusted.

"It is agreed and understood, that if, according to the records the title to the lands herein described is vested in Aline Hamm, that it may be deemed advisable that a suit or action should be instituted to clear up any matters not appearing on the records, the owner shall have time necessary to prosecute such to a final determination. Should it develop in such action that any contract for the sale of said lands shall be declared in force and effect, then and in that event the money received by Aline Hamm in such contract shall be paid to the purchasers Hugo Jassny and M. Ifland, until the full amount paid by them on this receipt and on the contract based on it shall have been fully paid.

"It is agreed and understood that if the title insurance shows clear title in Aline Hamm, except a void contract, the purchasers will at once comply with this agreement.

"(Signed)    ALINE HAMM, Owner."

This offer materially differs from the offer of Jassny and Ifland, under date of April 28th. The appellant's offer increased the amount of the down payment, and also provided that, if the title could not be cleared, the contract would be terminated. Respondent's president wrote the foregoing offer, and knew

that, if the title were not cleared, it was understood that the contract was terminated. He testified:

"Q. On May 1st you prepared this contract that she did sign in which you yourself wrote that if the title could not be cleared up the contract was terminated? You wrote that contract? A. It was written in the office. Q. Under your direction? A. Yes, I think so. Q. You probably dictated it? A. Possibly. It was under my direction and Mrs. Hamm's direction. Q. But you wrote the contract? A. Yes. But Mrs. Hamm made some suggestions there."

Appellant's offer of May 1st was conditional upon title being clear to any real estate contract that was of record against the property. The appellant had, some years prior to the date of her commission agreement with the respondent, sold the property on contract to I. W. Ringer, who, or his successor in interest (The Associated Packing Company), was then in possession of the property. On February 1, 1928, the appellant served upon Ringer a notice of forfeiture for nonpayment of the installments of the purchase price, if delinquent payments were not made within thirty days. Ringer did not make the payments, and was in possession of the property on May 1st, 1928, when the offer, quoted above, was made by appellant to Jassny and Ifland. It was on that account that the offer of May 1st, 1928, to Jassny and Ifland, was conditioned upon the real estate contract being first cancelled. On May 3, 1928, an action was commenced by appellant against Ringer and the Associated Packing Company to cancel the contract, and to oust them from possession of the premises. The trial of that cause resulted in reinstatement of the real estate contract, the decree being entered March 1, 1929. Shortly thereafter, all of the delinquent installments on the contract were paid in full. On May 8, 1929, the respondent brought this

action to recover the commission under its contract with appellant.

Did respondent find a purchaser ready, willing and able to take the property on the terms specified by the appellant? Unless the customers (Jassny and Ifland) produced by the respondent, came to a final agreement with the appellant on the terms of the transaction, the respondent is not entitled to a commission.

There is no evidence in the record that the respondent ever submitted appellant's counter-offer of May 1st, 1928, to Jassny and Ifland. We find no testimony of acceptance by the customers of that offer, or that the appellant was ever informed that the offer had been accepted. What occurred subsequent to May 1st, 1928, so far as affects the attitude of the customers towards the appellant's offer, the record fails to disclose. It follows, therefore, that respondent has failed to prove that it obtained a purchaser ready, willing and able to take the property on the terms specified by the appellant. That being so, the respondent is not entitled to a commission.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MITCHELL, FULLERTON, HOLCOMB, and BEALS, JJ., concur.